# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SHANE SANDOVAL,

    Plaintiff,

v.                                                                               No. CV 18-30 MV/CG

MDC, et al.,

    Defendants.

## ORDER ON PENDING MOTIONS

**THIS MATTER** is before the Court on Plaintiff Shane Sandoval's *Motion for Severance of Parties and Claims in Plaintiff's Civil Complaint* (the "Motion to Sever"), (Doc. 24), filed March 7, 2019; *Motion to Amend Original Complaint* (the "Motion to Amend"), (Doc. 25), filed March 7, 2019; and *Motion to Vacate Referral of Magistrate Judge and Brief in Support* (the "Motion to Vacate Referral"), (Doc. 26), filed September 5, 2019. Having reviewed the Motions and the relevant law, the Court will **GRANT** Plaintiff Shane Sandoval's *Motion for Severance of Parties and Claims in Plaintiff's Civil Complaint*, (Doc. 24), and *Motion to Amend Original Complaint*, (Doc. 25), and **DENY** *Motion to Vacate Referral of Magistrate Judge and Brief in Support*, (Doc. 26).

    **I.**    **Motion to Sever Claims and Motion to Amend Original Complaint**

Plaintiff Sandoval filed his Motion to Sever Claims on March 7, 2019. (Doc. 24). In his Motion to Sever, Plaintiff seeks to sever his claims against Defendant Kyle Hartsock and BCSO from the claims against all other Defendants in this case on the grounds that his claims against the BCSO Defendants arise out of different facts than the claims against MDC and other Defendants joined in the case. *Id.* Plaintiff also filed his Motion to Amend. In his Motion to Amend, Plaintiff seeks to assert amended claims

against Defendant Hartsock and add additional BCSO officers. (Doc. 25 at 1-4). Plaintiff attaches a proposed Complaint setting out his claims against BCSO and the BCSO officers. (Doc. 25 at 5-14).

Under Fed. R. Civ. P. 21, the Court may, at any time, sever any claim against a party. Federal Rule of Civil Procedure 20 permits a district court to join additional defendants when the right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a)(2)(A). Federal Rules 20 and 21 govern joinder and misjoinder of parties and claims." *Nasious v. City & Cnty. of Denver,* 415 F. App'x 877, 880 (10th Cir. 2011). Pursuant to Rule 20(a)(2), defendants may be joined in one action if two requirements are met: 1) the plaintiff's right to relief arises out of the same transaction or occurrence; and 2) the plaintiff's claims raise common questions of law or fact.

Misjoinder under Rule 21 occurs when there is no common question of law or fact or when the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction. *Nasious,* 415 F. App'x at 880 (citing *DirecTV, Inc. v. Leto,* 467 F.3d 842, 844 (3d Cir. 2006)). To remedy misjoinder, any claims against misjoined parties may be severed and proceeded with separately. *Id.* at 880–81. The Court has broad discretion to sever parties or claims. *German by German v. Fed. Home Loan Mortgage Corp.,* 896 F.Supp. 1385, 1400 (S.D.N.Y. 1995).

The Court find that the claims Plaintiff seeks to assert against BCSO and the additional BCSO officers in his proposed Complaint arise out of the same transaction or occurrence and raise common questions of law and fact as the claims asserted in the original Complaint against Defendant Hartsack and BCSO. (Doc. 1 at 1); (Doc. 25 at 5-

2

14). The Court therefore finds that it is in the interests of justice and efficiency under Federal Rule of Civil Procedure 15 to grant Plaintiff's Motion to Amend Original Complaint.

The Court also finds that Plaintiff's claims against the BCSO Defendants do not arise out of the same transaction as the claims against the MDC and other state Defendants, and that the claims against the BSCO Defendants, including Defendant Hartsack, should be severed and proceed separately. *Nasious,* 415 F. App'x at 880-81. The Court will direct the Clerk to open a new prisoner civil rights case and file Plaintiff's Amended Complaint, (Doc. 25 at 5-14), as the opening pleading in the new proceeding. All other claims asserted in the original Complaint, (Doc. 1), will proceed forward in this case.

## II. Motion to Vacate Referral of Magistrate Judge

Next, Plaintiff asks the Court to vacate its reference of this civil case to a magistrate judge under 28 U.S.C. § 636(c)(4). (Doc. 26). Plaintiff argues that he was not given the opportunity to consent to referral of the case to a magistrate judge as required by 28 U.S.C. § 636(c)(1). Plaintiff misunderstands the nature of the Order of Reference entered in this case. The Order of Reference was entered under 28 U.S.C. § 636(b)(1), which permits the district judge to designate a magistrate judge to hear and determine pretrial matters, conduct hearings, and make proposed findings. Unlike a Section 636(c)(1) reference, Section 636(b)(1) does not authorize a magistrate judge to conduct any trial and does not require consent of the plaintiff. Section 636(c)(4) has no application to the Order of Reference in this case, and the Court will therefore deny Plaintiff's Motion to Vacate Referral under § 636(c)(4).

**IT IS THEREFORE ORDERED**:

1. Plaintiff Shane Sandoval's *Motion for Severance of Parties and Claims in Plaintiff's Civil Complaint*, (Doc. 24) is **GRANTED**;

2. Plaintiff Sandoval's *Motion to Amend Original Complaint*, (Doc. 25), is **GRANTED**;

3. All claims against BCSO, Defendant Kyle Hartsack, and all other BCSO officers are severed and will proceed in a separate action;

4. The Clerk is **DIRECTED** to open a new prisoner civil rights proceeding and to file Plaintiff's Amended Complaint, (Doc. 25 at 5-14), as the opening pleading in the new case;

5. All claims asserted against all other Defendants in the original Complaint, (Doc. 1), will proceed forward in this case; and

6. Plaintiff Sandoval's *Motion to Vacate Referral of Magistrate Judge and Brief in Support*, (Doc. 26), is **DENIED**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE